UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN GHOLAR, | ) | 1:10-CV-00036 AWI GSA HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR RECONSIDERATION |
| v. | ) | |
| | ) | [Doc. #17] |
| JAMES YATES, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On March 9, 2010, the Magistrate Judge issued a Findings and Recommendation that recommended the petition be dismissed as successive. On April 16, 2010, the undersigned issued an Order adopting the Findings and Recommendation in full, dismissing the case, and directing that judgment be entered. The Clerk of Court entered judgment on the same date.

    On May 6, 2010, Petitioner filed a motion for reconsideration pursuant to Federal Rules of Civil Procedure § 60(b).

    Rule 60(b) of the Federal Rules of Civil Procedure provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;

   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
   (4) the judgment is void;
   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
   (6) any other reason that justifies relief.

Petitioner fails to meet this standard. He claims the Court must consider his petition to correct a miscarriage of justice of an unjust incarceration. His arguments do not obviate the clear statutory mandate set forth in 28 U.S.C. § 2244(b)(3)(A) that he first move in the court of appeals for an order authorizing the district court to consider his application. This Court does not have subject matter jurisdiction over a successive habeas petition. <u>Greenawalt v. Stewart</u>, 105 F.3d 1268, 1277 (9th Cir.1997).

Accordingly, Petitioner's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:   May 26, 2010**        **/s/ Anthony W. Ishii**
                  CHIEF UNITED STATES DISTRICT JUDGE